PARKER C. ANKRUM (261608)
pankrum@kasowitz.com
REBECCA UNRUH (267881)
runruh@kasowitz.com
KEITH J. MITRO (287108)
kmitro@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170 Telephone
(650) 453-5171 Fax

*Of Counsel:*
JEFFREY J. TONEY *(pro hac vice to be filed)*
jtoney@kasowitz.com
JONATHAN K. WALDROP *(pro hac vice to be filed)*
jwaldrop@kasowitz.com
DARCY L. JONES *(pro hac vice to be filed)*
djones@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1349 West Peachtree Street, N.W., Suite 1500
Atlanta, GA 30309
(404) 260-6133 Telephone
(404) 260-6081 Fax

Attorneys for Plaintiff GOOGLE INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>EOLAS TECHNOLOGIES INCORPORATED; and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>            Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENTOF U.S. PATENT NOS. 8,082,293 AND 8,086,662**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Google Inc. ("Google") seeks a declaratory judgment of non-infringement, both direct and indirect, of United States Patent Nos. 8,082,293 (the "'293 patent") and 8,086,662 (the "'662 patent") as follows:

- 1 -

## I.   <u>NATURE OF THE ACTION</u>

1.     Google brings this action seeking a declaratory judgment of non-infringement that arises under the patent laws of the United States, Title 35 of the United States Code. Google brings this action against The Regents of the University of California ("Regents"), the owner by assignment of the '293 patent (attached as Ex. A), and the '662 patent (attached as Ex. B), and against Eolas Technologies, Inc. ("ETI"), which is the Regents' exclusive licensee under the '293 and '662 patents (collectively, the "Asserted Patents") and acts as the Regents' agent for purposes of commercializing and enforcing the Asserted Patents.  Google requests this relief because Defendants ETI and Regents (collectively, "Eolas") continue to allege that Google infringes patents issuing from applications that are continuations of U.S. Patent Application No. 08/324,443 (the "'443 Application"), including the Asserted Patents.

2.     Specifically, in a letter dated December 19, 2013 but only received by Google on December 23, 2013 (the "December 23 letter," attached as Ex. C), Eolas accuses Google of infringing the Asserted Patents by making, using, selling, offering for sale, and/or importing into the United States:  "(i) web pages and content to be interactively presented in browsers, including . . . content accessible via www.google.com . . . (ii) software, including, without limitation, browser software and software that allows content to be interactively presented . . . including, without limitation, Chrome for Windows and Chrome for the Mac and/or (iii) computer equipment . . . that stores, serves, and/or runs any of the foregoing" (the "Accused Systems").  A true and correct copy of the December 23 letter is attached hereto.  (<u>See</u> <u>id.</u>)  The December 23 letter also includes related allegations of inducement, indirect, and contributory infringement.

3.     The Asserted Patents are siblings to each other – that is, both issued from continuation applications that claim priority to the single '443 Application identified above, and both claim essentially the same subject matter – and are also siblings to two other patents that Eolas previously asserted against Google in litigation filed in 2009 – litigation in which every asserted claim of the previously asserted patents was struck down as invalid, a verdict affirmed on appeal.  A justiciable controversy therefore exists between these parties concerning the scope

of these Asserted Patents and Eolas's allegations of infringement sufficient to support the relief sought by Google.

## II.   THE PARTIES

4.      Plaintiff Google Inc. ("Google") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043. Google's mission is to organize the world's information and make it universally accessible and useful. As part of that mission, Google produces Chrome, an open source browser built for the modern web.

5.      On information and belief, ETI is a corporation organized and existing under the laws of the state of Texas.  ETI's principal place of business is located at 313 East Charnwood Street, Tyler, Texas 75701.

6.      On information and belief, Defendant Regents is a California corporation.  On information and belief, Regents' principal place of business is located at 1111 Franklin Street, Oakland, CA 94607.  Regents is listed as the owner by assignment of the '443 Application and both of the Asserted Patents.  (See Exs. D & E.)

## III.   JURISDICTION

7.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

9.      This Court has general and personal jurisdiction over Defendant Regents, which is domiciled in the State of California, oversees the University of California system, and maintains substantial operations within the boundaries of the Northern District of California, including being headquartered in Oakland.   (See http://regents.universityofcalifornia.edu/.) Moreover, Defendant Regents has maintained continuous and systematic contacts with the State of California and taken specific actions in this state and in the Northern District of California relevant to this matter, including (i) identifying the address of its registered agent of service at 1111 Franklin St. fl. 8th, Oakland, CA 94607-5201; (ii) retaining California attorney Charles J.

Kulas of San Francisco, California to oversee the assignment of the Asserted Patents from the inventors (who were at the time all California residents) to Regents, (iii) retaining California attorney Charles E. Krueger of Walnut Creek, California to file and prosecute the '443 Application and the various continuation applications that ultimately issued as the Asserted Patents and their sibling patents, and in the supplemental examinations and reexaminations of those patents; (iv) initiating or participating as plaintiff in patent litigation actions against a variety of California entities, including Adobe Systems, Inc., Apple Inc., eBay Inc., Google, Sun Microsystems Inc., Facebook, Inc., The Walt Disney Company, Yahoo! Inc., and YouTube, LLC, involving the Asserted Patents and/or related patents; and (v) on information and belief, entering into settlement/licensing agreements with a variety of California entities that allow such entities to continue activities alleged by Regents to infringe the Asserted Patents and/or related patents.  On information and belief, Regents' licensing and enforcement efforts directed towards California residents have generated substantial payments from entities headquartered in California.

10.    This Court has personal jurisdiction over Defendant ETI.   ETI was first incorporated in California in 1994, then merged into a Delaware corporation before becoming a Texas Corporation.  (See Ex. F.)  ETI maintained continuous and systematic contacts with the State of California since its inception, including (i) communications and business agreements with Regents, a resident of the State of California, in which ETI assisted the Regents to commercialize this patent family owned by the Regents; (ii) ETI acquired licenses to the Asserted Patents and related patents from the Regents for the purpose of asserting such patents in litigation; (iii) initiating patent litigation actions against a variety of California entities involving the Asserted Patents and/or related patents, including Adobe Systems Inc.; Apple Inc.; eBay Inc.; Facebook, Google; Sun Microsystems Inc.; The Walt Disney Company, Yahoo! Inc.; and YouTube, LLC; (iv) entering into settlement/licensing agreements with California entities including Adobe Systems Inc., Apple Inc.; eBay Inc.; and Sun Microsystems Inc., that allow such entities to continue activities alleged by ETI to infringe the Asserted Patents and/or related patents; (v) directing communications to Google in California (and, upon information and

belief, other California entities) alleging infringement of the Asserted Patents and/or related patents; (vi) availing itself of the Northern District of California by seeking judicial relief in a case against Microsoft, *Case no.* 99-mc-00212-CRB; and (vii) at one time incorporating in the State of California and identifying the address of its registered agent for service at 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833-3502.  (See Ex. F.)

11.     On information and belief, ETI's business relationship with Regents, and its associated licensing and enforcement efforts directed towards California residents, have generated substantial revenues.  For example, the 2009 Second Amended License Agreement between ETI and Regents reflected the ongoing licensing and royalty arrangement between the parties.  (See Ex. G.)[1]  Further, in the prior litigation commenced in 2009, Regents joined that lawsuit as plaintiff in light of its ownership interest in the patents asserted in that 2009 litigation and expressly to "support its licenses."  (See Ex. H.)

12.     Venue is proper in this District under 28 U.S.C. §§ 1391(b & c) because a substantial part of the events giving rise to Google's claim occurred in this district, and because Regents and ETI are subject to general and/or personal jurisdiction here.

13.     A justiciable controversy exists between Google and Eolas as to whether Google is infringing or has infringed the Asserted Patents.

## IV.     INTRADISTRICT ASSIGNMENT

14.     For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## V.     FACTUAL BACKGROUND

### A.     The '443 Patent Application And Patents

15.     The '443 Application was filed on October 17, 1994.  This application was generally drawn to interactive distributed internet applications.  The patent application named Michael David Doyle, a former researcher at the University of California, as an inventor.  He assigned all rights, title and interest in the '443 Application to the Regents.

---

[1] Ex. G is marked "Highly Confidential – Attorney's Eyes Only," but was entered into the public trial record during the trial that resulted in the verdict of invalidity.

16.     Four patents relevant to this matter issued from the original '443 Application. The previously-asserted '906 patent issued on November 17, 1998.  Its claims were drawn generally to a method of running applications on a distributed hypermedia computer network – that is, the patent claims a method of allowing users to interact with online video, music or audio clips, internet search features, and maps and embedded applications in a browser.  The previously-asserted '985 patent issued on October 6, 2009, as a result of a series of continuation applications that claimed priority to the parent '443 Application.  Its claims were also drawn to methods of running applications on a distributed hypermedia computer network.  As set forth more fully below, after a jury trial, every asserted claim of both the '906 and '985 patents were found to be invalid.  The U.S. Court of Appeals for the Federal Circuit affirmed on July 22, 2013.

17.     The Asserted Patents, like their sibling '906 and '985 patents, also issued on continuation applications claiming priority to the '443 Application.  Also like their siblings, the claims of the Asserted Patents are drawn to methods of running applications on a distributed hypermedia computer network.  Further, during prosecution of the Asserted Patents, the Patent Office rejected all pending claims in the applications for both the '293 and '662 Asserted Patents under the doctrine of double patenting.  The Examiner thus concluded that the pending claims of the Asserted Patents were not patentably distinct from the claims of the '293 and '662 patents.  (See PTO Office Actions rejecting for double-patenting, attached as Exs. I ('293 patent) & J ('662 patent).)  Eolas did not traverse the Examiner's conclusions; rather, Eolas tacitly acknowledged that the pending claims were not patentably distinct from the claims of the '906 or '985 patents by instead filing a terminal disclaimer to overcome the rejections.  (See Terminal disclaimers, attached as Exs. K ('293 patent) & L ('662 patent).)

**B.     ETI Was Established to Commercialize and Enforce the '443 Application**

18.     Mr. Doyle founded ETI in 1994, contemporaneously with the filing of the '443 Application.  He formed ETI first as a California company expressly to "assist the University of California in commercializing" the inventions disclosed in the '443 Application.  (See Eolas website http://www.eolas.com/about_us.html.)  ETI has represented the Regents' interests in

- 6 -

numerous litigations asserting the patents that issued from the '443 Application.

19.    On information and belief, in 1999, Eolas sued Microsoft Corporation in the Northern District of Illinois alleging infringement of the '906 patent.  According to the Office of the President, Regents joined that lawsuit because it was an important lawsuit and the "University expected to be fully compensated for its patented technology."  (See http://www.ucop.edu/news/archives/2003/aug11art1qanda.htm.)   On further information and belief, Microsoft later settled the litigation by licensing the '906 patent from Eolas.

20.    In October 2009, Eolas filed a patent infringement suit in the Eastern District of Texas against multiple companies, including many based in California, alleging infringement of both the '906 and '985 patents.  Prior to the conclusion of trial, several defendants, including California-based companies Adobe Systems, Inc., Apple Inc., eBay Inc., and Sun Microsystems Inc., settled with Eolas and were dismissed from the suit.  On information and belief, those defendants entered into settlement agreements in which each was granted licenses for the '906 and '985 patents.

21.    Google and other defendants declined to settle and proceeded to trial.  The jury returned with a verdict finding every asserted claim of the '906 and '985 patents to be invalid. The trial court entered final judgment on the jury's verdict and, on July 22, 2013, the Federal Circuit affirmed the judgment in its entirety.

22.    In September 2012, Eolas filed patent infringement lawsuits against several more California-based companies, including Facebook, Inc. and The Walt Disney Company, this time alleging infringement of the Asserted Patents.

23.    On December 23, 2013, Google received Eolas's December 23 cease-and-desist letter, accusing Google of infringing the Asserted Patents, thereby giving rise to these proceedings.

**C.    A Justiciable Controversy Exists Regarding Google's Alleged Infringement.**

24.    As set forth above, Eolas accused Google of infringing the closely-related '906 and '985 patents in Eolas's 2009 lawsuit.  Google was one of the defendants that successfully tried the asserted claims of the '906 and '985 patents to a verdict of invalidity.

25.     Eolas sent its December 23 letter to accuse Google of infringing the '293 and '662 Asserted Patents, giving rise to a justiciable controversy between the parties.  Eolas's accusations threaten Google's research and development activity of the Accused Systems; threaten Google's fundamental work to develop innovations to organize internet content to render it accessible and useful; and threaten Google's business and relationships with its customers and partners.  The December 23 letter was sent by Eolas's litigation counsel to Google, copying Google's prior litigation counsel.  Eolas has filed suit against several other companies alleging infringement of the Asserted Patents.

26.     For all these reasons, a justiciable controversy exists between Google and Eolas regarding the alleged infringement of any claim of the Asserted Patents.

**D.    Google Does Not Infringe the Asserted Patents**

27.     On information and belief, none of Google's Accused Systems, nor any device or other computer equipment serving or running the foregoing, whether maintained by Google or other users, directly or indirectly infringes any claim of the Asserted Patents.

28.     Further, on information and belief, no third party infringes any claim of the Asserted Patents, and Google has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so.  Google's web pages and content, web browsing software (including Google's Chrome browser), and related devices and equipment are not designed for use in any combination that infringes any claim of the Asserted Patents.  To the contrary, each is a product with substantial uses that do not infringe any claim of these patents.

**FIRST COUNT**

**(Declaration of Non-Infringement of the '293 Patent)**

29.     Google restates and incorporates by reference the allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     On information and belief, the Regents own the '293 patent by assignment.  On information and belief, the Regents granted to ETI an exclusive license to the '293 patent and ETI serves as agent for purposes of commercializing and enforcing the '293 patent.

- 8 -

Accordingly, Eolas collectively owns all rights, title, and interest in the '293 patent. A true and correct copy of the '293 patent is attached hereto as Exhibit A.

31. In the December 23 letter, Eolas accuses Google of infringing the '293 patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Systems. The December 23 letter also includes related allegations of inducement, indirect, and contributory infringement.

32. A justiciable controversy therefore exists between Google and Eolas regarding whether the Accused Systems infringe the '293 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '293 patent. Google seeks a judgment declaring that Google's Accused Systems, including its Chrome web browser, do not directly or indirectly infringe any claim of the '293 patent.

## SECOND COUNT

### (Declaration of Non-Infringement of the '662 Patent)

33. Google restates and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. On information and belief, the Regents own the '662 patent by assignment. On information and belief, the Regents granted to ETI an exclusive license to the '662 patent and ETI serves as agent for purposes of commercializing and enforcing the '662 patent. Accordingly, Eolas collectively owns all rights, title, and interest in the '662 patent. A true and correct copy of the '662 patent is attached hereto as Exhibit B.

35. In the December 23 letter, Eolas accuses Google of infringing the '662 patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Systems. The December 23 letter also includes related allegations of inducement, indirect, and contributory infringement.

36. A justiciable controversy therefore exists between Google and Eolas regarding whether the Accused Systems infringe the '662 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '662 patent. Google seeks a judgment declaring that Google's Accused Systems, including its Chrome web browser, do not directly or

1  indirectly infringe any claim of the '662 patent.

2  **PRAYER FOR RELIEF**

3  WHEREFORE, Google prays for judgment and relief as follows:

4       A.     Declaring that Google's Accused Systems do not infringe the '293 or '662

5  patents;

6       B.     Declaring that judgment be entered in favor of Google and against Eolas on each

7  of Google's claims;

8       C.     Finding that this an exceptional case under 35 U.S.C. § 285;

9       D.     Awarding Google its costs and attorneys' fees in connection with this action; and

10       E.     Such further and additional relief as the Court deems just and proper.

11  **JURY DEMAND**

12  Google demands a jury trial on all issues and claims so triable.

13  Dated:  December 30, 2013     By: */s/  Keith J. Mitro*

14                            Keith J. Mitro

15                            Parker C. Ankrum

16                            Cal. Bar. No. 261608
                          pankrum@kasowitz.com

17                            Rebecca Unruh
                          Cal. Bar. No. 267881

18                            runruh@kasowitz.com
                          Keith J. Mitro

19                            Cal. Bar No. 287108
                          kmitro@kasowitz.com

20                            KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

21                            333 Twin Dolphin Drive, Suite 200
                          Redwood Shores, California 94065

22                            Tel:  (650) 453-5170; Fax: (650) 453-5171

23                            Attorneys for Plaintiff Google Inc.

24

25

26

27

28

1
2  *Of Counsel:*

3  Jeffrey J. Toney *(pro hac vice to be filed)*
   jtoney@kasowitz.com
4  Jonathan K. Waldrop *(pro hac vice to be filed)*
   jwaldrop@kasowitz.com
5  Darcy L. Jones *(pro hac vice to be filed)*
   djones@kasowitz.com
6  KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
7  1349 West Peachtree Street, N.W., Suite 1500
   Atlanta, Georgia 30309
8  Tel: (404) 260-6080
   Fax: (404) 260-6081
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28