UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>EOLAS TECHNOLOGIES INCORPORATED, et al.,<br><br>    Defendants. | Case No.  13-cv-05997-JST<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>ECF Nos. 77, 90 |

Before the Court is Defendants Eolas Technologies, Inc. and the Regents of the University of California's Motion to Dismiss. The Court will GRANT the motion in part.

## I.  BACKGROUND

Shortly after receiving a cease and desist letter from Eolas, Plaintiff Google, Inc. brought this action, seeking a declaratory judgment of non-infringement regarding U.S. Patent Nos. 8,086,662 ("'662 Patent") and 8,082,293 ("'293 Patent"). Compl., ECF No. 1. In its answer, Eolas asserted counterclaims against Google for infringement of the '622 and '293 Patents—the counterclaims, essentially, being the mirror-image of Google's declaratory judgment claims. ECF No. 76.

Immediately after filing its counterclaims, Eolas filed a motion to voluntarily dismiss those counterclaims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. ECF No. 78. In its Motion to Dismiss, which was half of one page in length, Eolas asserted that, as a result of Eolas' voluntary dismissal of its counterclaims, "Google's claims for declaratory judgment of non-infringement of the '293 and '662 patents are moot and should be dismissed as well." Id. at 2. In its opposition to Eolas' Motion to Dismiss, Google argued that (1) its original claims for declaratory judgment were not moot because Eolas' motion failed to dismiss claims against

Google's customers, and (2) Eolas improperly sought to dismiss, without prejudice, "any claims Eolas may have against Google for any patent claims in any other patent or patent application." ECF Nos. 78, 87.

The parties then attempted to negotiate a stipulation of dismissal acceptable to both sides, and succeeded in reaching several agreements, which Eolas identified in its reply brief. ECF No. 89. Presently,[1] only one point of contention remains: Eolas' request to dismiss, without prejudice, "[a]ny and all claims of infringement . . . of any patent claims in any other patent or patent application . . . that Eolas or the Regents has or may have in the future . . . against Google." Id., ECF No. 88-1 (Proposed Order) at 2.

## II.    LEGAL STANDARD

Rule 41(a)(2) provides, "an action may be dismissed . . . on terms that the court considers proper." Fed. R. Civ. P. 41; see Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982) ("The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court."); Stevedoring Servs. of Am. v. Armilla Int'l. B.V., 889 F.2d 919, 921 (9th Cir. 1989) ("A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion.").

## III.   ANALYSIS

Eolas argues that dismissing, without prejudice, any and all claims of infringement not presently before this Court, will "make undeniably clear that the dismissal of their . . . [current] claims against infringers of the *patents-in-suit* does not prejudice their current and future claims against infringers of *other* patents." ECF No. 88 at 4.

The difficulty with Eolas' argument is that it would require the Court to dismiss claims over which it has no jurisdiction – because those claims have not yet even been asserted. Rule 41(a)(2) allows for the voluntary dismissal of "an action" filed by a plaintiff, not for the dismissal of future or potential claims that are not before the Court. See Streck, Inc. v. Research &

---

[1] Pursuant to Civil Local Rule 7-11, Google moved to file a sur-reply responding to arguments Eolas raised for the first in its Reply to Google's Opposition. ECF No. 90. Eolas also moved to file an opposition to Google's sur-reply. ECF No. 91. Both of these motions are GRANTED.

1  Diagnostic Sys., Inc., 665 F.3d 1269, 1284 (Fed. Cir. 2012), cert. denied, 132 S. Ct. 2442 (2012)

2  (finding district court did not have jurisdiction over unasserted claims to issue a declaratory

3  judgment regarding patent infringement). Because future claims do not yet exist, there is nothing

4  to dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Eolas' Motion to Dismiss in part:

1. Google's claims of non-infringement of the patents-in-suit are dismissed WITHOUT PREJUDICE;

2. Eolas' counterclaims of infringement, including direct and indirect infringement, of the patents-in-suit against Google are dismissed WITH PREJUDICE;

3. Any and all claims of infringement, including direct and indirect infringement, of the patents-in-suit that Eolas or the Regents has or may have in the future, including any claims of past, present or future infringement of the patents-in-suit against: (a) Google; (b) any Google affiliates; and/or (c) any users, customers, or Google partners with respect to Google products and/or services (including but not limited to services, components, hardware, software, websites, processes, machines, manufactures, and any combinations and components thereof, that are designed, developed, sold, licensed, or made, in whole or substantial part, by or on behalf of Google) are dismissed WITH PREJUDICE;

4. Each party will bear its own costs and attorneys' fees.

In all other respects, Eolas' motion is denied.

**IT IS SO ORDERED.**

Dated: November 16, 2014



_____
JON S. TIGAR
United States District Judge